```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JOSEPH CASIANO
                                    PRISONER CASE NO.
     v.                             3:11-cv-1152 (CSH)

OSBORN CORRECTIONAL
INSTITUTION MAINTENANCE
DEPARTMENT, ET AL.
```

**ORDER**

The plaintiff, Joseph Casiano, currently incarcerated at Osborn Correctional Institution ("Osborn"), filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983. He sues the Maintenance Department and Medical Unit at Osborn, John Doe in the Medical Unit, John Doe in the Maintenance Department and the State of Connecticut.

Under 28 U.S.C. § 1915, the court may dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006). **Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement.** *See Neal v. Goord*, 267

F.3d 116, 122 (2d Cir. 2001), overruled on other grounds in Porter v. Nussle, 534 U.S. 516, 531 (2002)(additional cases).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *See id.* at 213-16 (acknowledging that the court may dismiss a complaint *sua sponte* where an affirmative defense is apparent on the face of the complaint).

The timing of the events set forth in the complaint suggest that plaintiff could not have fully exhausted his administrative remedies prior to filing this lawsuit. If that is true, the complaint must be dismissed.

The plaintiff asserts that on July 3, 2011, he was lying on the bed in his cell at Osborn when the light above his bed began to shoot sparks. One of the sparks fell into his left eye and caused him pain. A correctional employee escorted him to the medical department. The plaintiff complained of blurred vision and eye pain. Medical staff examined the plaintiff and concluded that he needed to be seen by the optometrist. Medical staff scheduled the plaintiff to see the optometrist on July 5, 2011.

On July 4, 2011, the plaintiff continued to experience eye pain, blurred vision and redness in his eye. A registered nurse

put dye in the plaintiff's eye and indicated that he could not see any scratches. The nurse informed the plaintiff that the optometrist would see him the following day.

The plaintiff was not examined by the optometrist on July 5, 2011. On July 6, 2011, a physician gave the plaintiff an antibiotic ointment for his eye. The physician told the plaintiff that he would be seen by the optometrist later that day. As of July 16, 2011, the plaintiff had still not been seen by the optometrist. That day, the plaintiff filed a Request for a Health Services Review regarding the lack of medical treatment for his eye injury and a Grievance regarding the negligence of the Osborn Maintenance Department in permitting the light in his cell to emit sparks causing his eye injury. The plaintiff seeks monetary damages and injunctive relief.

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies. The Inmate Grievance Procedure provides an administrative remedy for all matters subject to the Commissioner's authority that are not specifically identified in Sections 4(B) through 4(I) of the directive. The plaintiff's claim that Osborn's Maintenance Department failed to prevent the light in his cell from emitting sparks that caused his eye injury is grievable pursuant to Administrative Directive 9.6, Sections 4 and 6. *See*

Administrative Directive 9.6, Sections 4(A) and 6(B), http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf.

Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue.  If informal resolution is unsuccessful, the inmate must file a Level 1 grievance.  The Unit Administrator has thirty business days from receipt of the grievance to respond to it.  If the Level 1 grievance is denied or if the Unit Administrator fails to timely respond to the grievance, the inmate must appeal the denial or failure to respond to Level 2.  A District Administrator must respond to the Level 2 appeal within thirty business days of receipt of the appeal.  Level 3 appeals are limited to certain types of grievances relating to department level policy, the integrity of the grievance procedure and untimely responses to Level 2 grievances.  The Commissioner or his or her designee must respond to a Level 3 grievance appeal within thirty business days of receipt of the appeal.  *See id.* at Section 6(A)-(L).

The plaintiff does not indicate that he engaged in informal resolution of his claim against the Maintenance Department. Furthermore, his Grievance is dated the same day that he signed the complaint in this action.

Matters relating to the provision of health services to inmates are grievable and are addressed in Administrative Directive 8.9, entitled Health Services Review.  *See id.* at

Section 4(K). Pursuant to Administrative Directive 8.9, an inmate seeking review of a medical decision regarding the diagnosis or treatment or lack of a diagnosis or treatment of a medical condition, must apply for a Health Services Review by filling out an Inmate Administrative Remedy Form, CN 9602. *See* Administrative Directive 8.9, Sections 10, http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0809.pdf.

Attached to the complaint is a Health Services Request regarding the alleged failure to treat the plaintiff's eye injury. The Request, however, is dated the same day that the plaintiff signed the complaint.

The plaintiff's complaint is dated July 16, 2011, and was received by the court on July 21, 2011. Based on the time periods set forth in the Administrative Directives described above, it is apparent that there was insufficient time for plaintiff to have fully exhausted either of his claims prior to filing this lawsuit.

The Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, the Court

directs the plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies **before** filing this action.  Any such dismissal would be without prejudice to plaintiff re-filing this action after fully exhausting his administrative remedies.

The plaintiff shall submit his response within **thirty (30)** days from the date of this order.  The plaintiff shall attach to his response copies of the documents showing exhaustion of his claims.  Failure to provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of this action without any further notice.

**SO ORDERED** this 6th day of March, 2013, at New Haven, Connecticut.

                    /s/ Joan G. Margolis, USMJ
                    JOAN G. MARGOLIS
                    UNITED STATES MAGISTRATE JUDGE